IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER THOMPSON, #B05177, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-01474-DWD |
| ) | |
| WARDEN DANIEL MONTI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Walther Thompson, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction to initiate the opening of this action (Doc. 1). The motion is now before the Court and, for the reasons stated below, the motion is denied.

First, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. No complaint has been filed and the instant filing, if construed as a complaint, would be dismissed for failure to state a claim for relief. Under Federal Rule of Civil Procedure 8(a)(1), a Complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To state a Section 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal

involvement in the alleged constitutional deprivation"). He does not allege that Monti is personally responsible for a violation of his constitutional rights, but rather has named Monti in his capacity as the Warden of Shawnee for purposes of instituting injunctive relief.

Additionally, although Thompson names "Warden Daniel Monti, et al." as defendants in the case caption, he does not identify the "et al." Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. A complaint fails to state a claim against any individuals not identified as defendants in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* complaint failed to state a claim against individual mentioned in body of complaint but not specified in the caption). Absent any allegations against named defendants describing what each individual did or failed to do in violation of Thompson's constitutional rights, the pleading fails to state a claim for relief.

Because there is no operative complaint stating a colorable claim against a defendant, Thompson fails to make a "clear showing" that he is entitled to injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a TRO or preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Thompson cannot show a reasonable likelihood of success on the merits where he has not stated a colorable claim against any defendant.

Further, injunctive relief "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Again, there is no operative Complaint and, therefore, injunctive relief is not appropriate.

**ACCORDINGLY**, the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1) is **DENIED without prejudice**. This action **will be dismissed** unless a Complaint is filed within 30 days of the date of this Order. Further, with the filing of a complaint, the full filing fee of $402.00 must be paid or a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") filed along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). To enable Thompson to comply with this Order, the Clerk is **DIRECTED** to send him a civil rights complaint form.

Thompson is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to

comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 24, 2021

_____
David W. Dugan
United States District Judge